# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MAUREEN ANN SHAFFRON,

    Plaintiff,

v.                                                                              Case No. 8:20-cv-2930-WFJ-SPF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

    Before the Court is Plaintiff's complaint seeking judicial review of the Commissioner of the Social Security Administration's ("Commissioner") decision finding Plaintiff not disabled and denying social security disability insurance benefits (Dkt. 1), and the well-reasoned report of United States Magistrate Judge Flynn recommending that the decision of the Commissioner be affirmed (Dkt. 23). Plaintiff, through counsel, filed timely objections. Dkt. 24.

    When a party makes timely and specific objections to the report and recommendation of the magistrate judge, the district judge shall conduct a *de novo* review of the portions of the record to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Jeffrey S. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). After such independent review, the Court may

accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Macort v. Prem., Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006) (citing published opinion).

Plaintiff objects to the report and recommendation on three grounds which will be addressed in turn.

### I. *Psychiatric Review Technique ("PRT") Analysis*

Plaintiff challenges the ALJ's analysis in each functional area, claiming that his findings are unsupported by substantial evidence. Dkt. 24 at 1–3. Specifically, Plaintiff maintains that the ALJ improperly relied on irrelevant pre-onset evidence while ignoring other relevant evidence that contradicts his conclusions. *Id.* Plaintiff also takes issue with the magistrate judge's finding that the ALJ relied on pre-onset evidence "in Plaintiff's favor" when such reliance ultimately resulted in a denial of benefits. *Id.* at 1.

As an initial matter, the Court agrees with the magistrate judge that the ALJ properly relied on pre-onset evidence. "Courts within the Eleventh Circuit have found pre-onset date evidence to be significant so long as such evidence is 1) within close proximity to the onset date; and 2) relevant to a claimant's impairments." *Nichols v. Comm'r of Soc. Sec.*, No. 6:16-CV-1819-ORL-DCI, 2018 WL 746940 at *3 (M.D. Fla. Feb. 7, 2018) (citations omitted); *see also Taylor v. Kijakazi*, No. 2:20-cv-00611-SRW, 2022 WL 891833, at *5 (M.D. Ala. Mar. 25,

2022) (stating that medical evidence predating the alleged onset date tends to be relevant when it relates to the conditions a claimant claims are disabling). Here, as the magistrate judge noted, the subject evidence clearly relates to the conditions Plaintiff alleges and is within close proximity to the alleged onset date. Dkt. 23 at 8 (citing Tr. 193, 452, 462). Moreover, the ALJ *did* rely on pre-onset evidence to support a higher degree of limitation in each functional area despite the ultimate denial of benefits to Plaintiff. Tr. 20, 587, 591, 657.

The Court further agrees with the magistrate judge that the ALJ properly addressed Plaintiff's limitations in each functional area. Dkt. 26 at 9–13. "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision . . . ." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). That said, the ALJ articulated explicit and adequate reasons for his findings in the area of understanding, remembering, or applying reasoning; the area of interacting with others; the area of concentrating, persisting, or maintaining pace; and the area of adapting or managing oneself. Tr. 20–21. The ALJ, moreover, did not wholly predicate any finding on the specific evidence that Plaintiff claims is contradicted by allegedly ignored evidence. Accordingly, Plaintiff's first objection fails.

## II.   *Formulating Plaintiff's Residual Functional Capacity ("RFC")*

Plaintiff subsequently argues that the ALJ's failure to consider probative evidence concerning Plaintiff's memory impairment in his PRT analysis resulted in

3

a similar failure to account for Plaintiff's memory impairment in her RFC assessment. Dkt. 24 at 4. Plaintiff further argues that the magistrate judge erred in stating that "the Plaintiff had cited to no evidence in the record suggesting that the Plaintiff requires a limitation on the length of instructions." *Id.* (citing Dkt. 23 at 14). In support of this claim, Plaintiff notes a mental status examination that the ALJ allegedly ignored. *Id.* (citing Tr. 461).

The Court disagrees with Plaintiff on all points. There is no evidence demonstrating that the ALJ ignored any evidence at any step of his decision-making process. To the contrary, there *is* evidence demonstrating that the ALJ considered multiple mental status examinations, including a 2015 pre-onset examination with Dr. Maas in which Plaintiff reported memory difficulty. Tr. 21–23, 433. Notwithstanding, there were also multiple mental status examinations in the record—including a 2019 examination and a 2020 examination—in which no memory or minimal memory impairment was indicated. Tr. 488, 592, 657, 668. None of them directly suggest that Plaintiff requires a limitation on the length of instructions.

It must be remembered that the scope of review is limited to determining whether 1) the findings are supported by substantial evidence and 2) whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The first prong is met by the aforementioned

examination evidence on record. Further, because courts have generally held that a limitation in the RFC to simple or routine tasks adequately accounts for moderate limitation in the area of understanding, remembering, and applying information, the second prong is met as well. *See, e.g., William S. V. v. Kijakazi*, No. 19-cv-0498-CVE-JFJ, 2021 WL 3722331, at *4 (N.D. Okla. Aug. 23, 2021); *see also Karlin v. Saul*, No. 20-3113, 2021 WL 2036649, at *4 (E.D. Pa. May 21, 2021). Plaintiff's second objection therefore fails.

### III. Consideration of Medical Opinions

Finally, Plaintiff maintains that the ALJ improperly considered the opinion of ARPN Marcia Spencer by 1) failing to sufficiently explain his rational for rejection beyond a vague and subjective statement, and by 2) failing to properly assess the supportability factor. Dkt. 24 at 5–6. Plaintiff offers a similar argument on both points; namely, the ALJ failed to clearly explain his decisions in accordance with statutory requirements. *Id.* The Court disagrees.

Regarding ARNP Spencer's opinions, the ALJ stated that:

> The undersigned finds not persuasive the opinions of Marcia Spencer, PMHNP, in January 2020, which includes the claimant has marked mental limitations. Nurse practitioner Spencer's opinions are not consistent with the record, as she overstates the claimant's mental limitations. For example, the claimant had no psychiatric hospitalizations subsequent to the alleged onset date. Therapy notes demonstrate improved symptoms. In addition, nurse practitioner Spencer's opinions are not supportable, as an adequate explanation does not support the conclusions. Therefore, the undersigned finds the opinions not persuasive. Tr. 23 (citations omitted).

5

As the magistrate judge explains, this consideration of ARNP Spencer's opinion tracks the requirements of 20 C.F.R § 404.1520c. Dkt. 24 at 16–18. Additionally, substantial evidence supports the ALJ's consistency finding (Tr. 43, 60, 450, 472, 474, 680, 682, 684, 688) and supportability finding (Tr. 676). Plaintiff's third ground for objection therefore fails as well.

Having conducted a *de novo* review of the record, including the transcript of the proceedings before the ALJ and all the medical records, with regard to each specific objection lodged by Plaintiff, the Court agrees with the thorough report of the magistrate judge. The ALJ applied the correct legal standards in reaching a decision which was supported by substantial evidence.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiff's objections (Dkt. 24) are overruled.

2) The report and recommendation (Dkt. 23) is approved, confirmed, and adopted in all respects and is made a part of this order.

3) The Commissioner's decision denying Social Security disability benefits to Plaintiff is affirmed.

4) The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE AND ORDERED** at Tampa, Florida, on August 15, 2022.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of record